UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**04 - 60091 CR-COHN**   **MAGISTRATE JUDGE SNOW**

CASE NO.

18 USC 371
26 USC 7206(1)

UNITED STATES OF AMERICA

V.

THOMAS E. SEWELL,

      Defendant.

_____/



## INFORMATION

### GENERAL ALLEGATIONS

At times material to this Information:

1.      Landmark Investment Trust (hereinafter "Landmark") was purportedly a foreign trust affiliated with Landmark Properties, Ltd., a corporation organized in the Carribean island of St. Kitts in 1987.   In 1998, Landmark was incorporated in the State of Florida with its principal place of business in Plantation, Florida.

2.      Myles W. Farrington ("Farrington"), doing business as M.W. Farrington and

1



Associates, was purportedly the trustee of Landmark.  When Landmark was incorporated in Florida, Farrington was the incorporator and principal owner of Landmark.

3.      Farrington, through Landmark, offered "investment units" in a limited trust at a cost of $40,000 per unit, representing that said funds would be invested in mutual and money market funds.

4.      Defendant THOMAS E. SEWELL doing business as Thomas E. Sewell, CPA, P.A., solicited investors on behalf of Landmark.

## COUNT 1

5.      Paragraphs 1 through 4 are realleged and incorporated by reference as though fully set forth herein.

6.      From in or about 1991 to in or about September 2001, the exact dates being unknown, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### THOMAS E. SEWELL,

did knowingly and willfully combine, conspire, confederate and agree with Myles Farrington to commit an offense against the United States, that is, to devise a scheme and artifice to defraud and to deprive others of the intangible right of honest services and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Sections 1341 and 1346.

## OBJECT OF CONSPIRACY

7.      It was the purpose and object of the conspiracy that the defendant,THOMAS E. SEWELL, would and did unjustly enrich himself by receiving undisclosed commissions from Myles Farrington in exchange for soliciting investors in Landmark, based upon various

2

misrepresentations, including the misrepresentation that victims' funds were invested in safe and reputable mutual and money market funds, when in fact, said funds were not so invested.

## MANNER AND MEANS

8.    The manner and means by which the scheme to defraud was carried out by the defendant and others, in the Southern District of Florida, and elsewhere, included the following:

a.    Beginning in or about 1991, Farrington held himself out as the money manager of Landmark, which purportedly was a foreign investment trust, successfully operating since 1988, and primarily consisting of European investors.  Farrington and Landmark falsely represented to potential investors that Landmark had been investing in mutual funds that traded on recognized United States and international exchanges and was now prepared to accept American investors. Further, Farrington and Landmark falsely represented that Landmark had achieved an annual rate of return of over 20% for investors over the previous five years.   Additionally, according to Farrington and Landmark, only 250 "investment units" were available, at a cost of $40,000 per unit.

b.    The defendant, THOMAS E. SEWELL, would solicit clients from his tax accounting business to invest in Landmark based on his representations that included the following: (1) that he was personally monitoring the fund; (2) that investors' money would be invested in a safe investment vehicle; (3) that the funds were insured; (4)  that he would audit the fund.  In truth and in fact, the defendant made no reasonable efforts or due diligence to monitor or audit Landmark or otherwise determine its legitimacy.  Additionally, the defendant failed to disclose to his clients that he was receiving a commission of 2 ½ %  for every dollar he brought in.  Further the defendant would encourage clients to make additional investments in other

3

ventures by Farrington without disclosing that, once again, he was receiving a commission for these funds.

      c. As a result of the solicitation efforts by the defendant, approximately 100 clients of the defendant, located in the Southern District of Florida, invested approximately $9.9 million in Landmark. From 1991 to June 1998, the investor funds were sent to a bank located on the Carribean island of St. Kitts. After June 1998, Farrington established a bank account at Union Planters Bank, Plantation, Florida, where investor funds were deposited.

      d. Notwithstanding the representations made to investors, the vast majority of the funds were not placed in registered mutual funds in major national and international exchanges or in reputable money market funds. Rather, a substantial portion of the funds were used by Farrington in high risk personal ventures, such as investing in land in Costa Rica and the purchase of race horses. Additionally, Farrington misappropriated and dissipated the funds for his own personal use and benefit.

<u>OVERT ACTS</u>

      9. In furtherance of the conspiracy and to effect the object thereof, there was committed, in the Southern District of Florida, and elsewhere, at least one overt act, including but not limited to the following:

      A. On or about April 9, 1999, a co-conspirator, Myles W. Farrington, did mail and cause the delivery of certain mail matter by the United States Postal Service, that is, a letter from Landmark to AS and ES acknowledging receipt of $20,000.

      In violation of Title 18, United States Code, Section 371.

## COUNT 2

10. On or about April 15, 1998, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### THOMAS E. SEWELL,

did knowingly and willfully make and subscribe to a tax return, Form 1040, for the tax year 1997, which contained a written declaration that it was made under the penalties of perjury, and which he did not believe to be true and correct as to every material matter, in that the tax return stated that he had a gross income of $79,764 and a taxable income of $56,511, wherein he failed to disclose that he had an additional gross income of approximately $66,000, with an additional tax liability of approximately $19,392.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT 3

On or about September 13, 1999, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### THOMAS E. SEWELL,

did knowingly and willfully make and subscribe to a tax return, Form 1040, for the tax year 1998, which contained a written declaration that it was made under the penalties of perjury, and which he did not believe to be true and correct as to every material matter, in that the tax return stated that he had a gross income of $155,752 and a taxable income of $123,284, wherein he failed to disclose that he had an additional gross income of approximately $83,925, with an

5

additional tax liability of approximately $30,341.

In violation of Title 26, United States Code, Section 7206(1).

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

ROGER H. STEFIN
ASSISTANT UNITED STATES ATTORNEY

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

THOMAS E. SEWELL,
_____ /
        **Defendant.**

**CASE NO.** _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

____ Miami    ____ Key West
X__ FTL   ____ WPB ____ FTP

New Defendant(s)      Yes ____   No ____
Number of New Defendants     ____
Total number of counts       ____

I do hereby certify that:

1.     I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.     I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.     Interpreter:    (Yes or No)     No _____
      List language and/or dialect     _____

4.     This case will take    __0__    days for the parties to try.

5.     Please check appropriate category and type of offense listed below:
      (Check only one)                          (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | __0__ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | _____ | | |

6.     Has this case been previously filed in this District Court? (Yes or No)    _No_
If yes:
Judge: _____      Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No) _____
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No) _No_____

7.     Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003? _X_ Yes    ___ No

8.     Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_No
If yes, was it pending in the Central Region? ___ Yes ___ No

9.     Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes _X_ No

10.    Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003 ?        ____ Yes _X_ No

                                  _____
                                  Roger H. Stefin
                                  Assistant U.S. Attorney
                                  Court I.D. 0287334

Penalty Sheet(s) attached                                        REV.1/14/04

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:    THOMAS E. SEWELL

Count #:  I     18 U.S.C. 371        Conspiracy to commit mail fraud

*Max. Penalty: 5 years' imprisonment - $250,000 fine - 3 years' supervised release

Count #: II     26 U.S.C. 7206        False tax return

*Max. Penalty: 3 years' imprisonment - $250,000 fine - 1 year supervised release

Count #: III     26 U.S.C.7206        False tax return

*Max. Penalty: 3 years' imprisonment - $250,000 fine - 1 year supervised release

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96